**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TENNESSEE**
**WESTERN DIVISION**

| | | |
|---|---|---|
| DALE PHILLIPS and CHARLENE PHILLIPS,<br><br>Plaintiffs,<br><br>v.<br><br>DESCO, LLC, OLYMBEC USA, LLC, YORK PROPERTIES, LLC, and OLYMBEC BELLBROOK, LLC,<br><br>Defendants. | ) | No. 2:26-cv-02987-SHL-cgc |

**ORDER DISMISSING WITHOUT PREJUDICE DEFENDANT YORK PROPERTIES**

Before the Court is the Parties' Stipulation and Agreed Order of Dismissal Without Prejudice, filed September 25, 2026. (ECF No. 22.) The filing, which the Parties submit was filed pursuant to Federal Rule of Civil Procedure 41, resembled a proposed order, including the phrase "**IT IS SO ORDERED**" and the signature line of the undersigned. (Id. at PageID 230.)

The filing sought to dismiss Defendant York Properties, LLC ("York"), without prejudice, and included the following stipulations: "1) York Properties, LLC, did not own or have any interest in the premises that form the basis of the subject of this lawsuit on July 9, 2025, the date of Plaintiffs' alleged injury; and 2) York Properties, LLC, does not conduct business at and has no interest in the premises that form the subject of this lawsuit." (Id. at PageID 229.) The Parties subsequently filed a separate document that included the same stipulations. (See ECF No. 26.)

Regardless of what the filing purports to be, it was not filed consistent with the Court's Local Rules or the Federal Rules of Civil Procedure. To the extent the filing is a proposed order,

under the Local Rules, parties are to submit proposed orders in word processing format to the ECF mailbox of the presiding judge. LR 7.2(a)(1)(A). They are not to be filed on the docket.

Moreover, given that the Parties stipulate to the dismissal of only one party and not the entire action, the proper vehicle is through a motion under Federal Rule of Civil Procedure 21. See Johnson v. Astrazeneca Pharms. LP, No. 2:26-cv-2781-BCL-atc, 2026 WL 3063440, at *1 (W.D. Tenn. Oct. 13, 2026) ("Dismissal of claims against fewer than all parties in a multi-defendant case is not appropriate under Federal Rule of Civil Procedure 41.") (citing Philip Carey Manufacturing Company v. Taylor, 286 F.2d 782, 785 (6th Cir. 1961)). Instead, "dismissal of a party, rather than of an entire action, is more proper pursuant to Rule 21." AmSouth Bank v. Dale, 386 F.3d 763, 778 (6th Cir. 2004). Therefore, the Court construes the stipulation as a motion under Federal Rule of Civil Procedure 21.

The Court finds the Motion well-taken and **GRANTS** it. Plaintiffs' claims against York are **DISMISSED WITHOUT PREJUDICE**, under Federal Rule of Civil Procedure 21. Through their dismissal, the Parties agree that, "in the event that facts come to light in discovery that suggest York Properties, LLC, owned or had interest in the premises that form the basis of the subject of this lawsuit, Plaintiffs shall be allowed to re-add York Properties, LLC, as a party to this action with no prejudice to Plaintiffs whatsoever," and, in such a case, the stipulations offered in the Parties' filings "may be revisited." (ECF No. 22 at PageID 229.) The issue of costs is reserved.

**IT IS SO ORDERED**, this 5th day of November, 2026.

s/ Sheryl H. Lipman
SHERYL H. LIPMAN
CHIEF UNITED STATES DISTRICT JUDGE